# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Samuel Robert Drose, Respondent.

Appellate Case No. 2020-000016

Opinion No. 27956
Submitted February 27, 2020 – Filed March 18, 2020

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Joseph P. Turner, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Samuel Robert Drose, of Marion, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the Agreement, Respondent admits misconduct and consents to the imposition of a definite suspension of two years, a definite suspension of three years, or disbarment.  Respondent requests the sanction be made retroactive to May 19, 2014, the date of his interim suspension. *See In re Drose*, 408 S.C. 182, 758 S.E.2d 506 (2014).  As a condition of discipline, Respondent agrees to complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to reinstatement.  Respondent further agrees to enter into a repayment plan with the Commission on Lawyer Conduct (the Commission) to repay $26,437.32 paid on Respondent's behalf from the Lawyers' Fund for Client Protection (the Lawyers' Fund).  Finally, Respondent agrees that, should he be reinstated to the practice of law, he will sign a two-year monitoring contract with Lawyers Helping Lawyers (LHL) that includes the provision of quarterly reports to the Commission. We accept the Agreement and suspend Respondent from the practice of law in this

state for three (3) years, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement are as follows:

## Facts

The South Carolina Law Enforcement Division arrested Respondent on May 14, 2014, and charged him with possession of a controlled substance, first offense.[1] Respondent pled guilty, entered pre-trial intervention, and was sentenced to a conditional discharge upon his completion of three years' probation. Respondent successfully completed probation, and his charge was dismissed in May 2017.

Respondent represented a client (Client) who had been in an automobile accident. Respondent settled the liability portion of the accident case and received a settlement check for $25,000 in the fall of 2011. Respondent was entitled to a third of the settlement. Respondent paid one of Client's medical bills in November 2011 and a few others in April 2012. However, Respondent failed to pay the remainder of Client's medical bills despite assuring Client he would do so. Respondent also failed to pay any of the settlement funds to Client and, instead, began converting the funds to Respondent's own use. At the time Respondent was placed on interim suspension, there was less than $100 in his trust account. The Lawyers' Fund later paid Client the amount Client was owed from the settlement.

## Law

Respondent admits that by his conduct he violated Rules 1.15 (safekeeping property); 8.4(a) (violating the Rules of Professional Conduct); 8.4(b) (committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(c) (committing a criminal act involving moral turpitude); 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 8.4(e) (engaging in conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR.

Respondent also admits his conduct constitutes grounds for discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR (violating or attempting to violate the Rules of Professional Conduct).

---

[1] The evening of his arrest, Respondent resigned his position as a Marion County magistrate. The following morning, Respondent self-reported to ODC.

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state. Accordingly, we accept the Agreement and suspend Respondent for a period of three (3) years, retroactive to the date of his interim suspension. Respondent shall repay the $26,437.32 the Lawyers' Fund paid on his behalf, or enter into a reasonable repayment plan with the Commission, within thirty (30) days of the date of this opinion.

Additionally, we remind Respondent that, pursuant to the Agreement, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School and Trust Account School within one year prior to filing a petition for reinstatement. Further, upon reinstatement, Respondent shall sign a two-year monitoring contract with LHL that includes filing quarterly reports with the Commission.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that Respondent has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**